```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

LESLIE SALYER,                  :
                                :    NO. 1:08-CV-00531
        Plaintiff,              :
                                :
                                :    **OPINION AND ORDER**
    v.                          :
                                :
                                :
COLERAIN TRAILER, INC.,         :
                                :
        Defendant.              :

This matter is before the Court on the Motion of Defendant Colerain Trailer, Inc. for Judgment on the Pleadings (doc. 7), Plaintiff's Response in Opposition (doc. 13), and Defendant's Reply (doc. 14). For the reasons indicated herein, the Court DENIES Defendant's motion.

**I. Background**

Plaintiff began working for Defendant Colerain Trailer, Inc. ("Colerain") in March 2001 as a pre-delivery inspection technician repairing, painting, and moving recreational vehicles ("RV's") around Defendant's lot (doc. 1). Plaintiff alleges that all was well with his employment until he injured his back at work in February 2006 (Id.). After such time, Plaintiff filed a claim for worker's compensation, and took Family Medical Leave Act ("FMLA") leave in late 2006 through March 27, 2007 to recover from surgery to treat his injury (Id.). Plaintiff alleges that Defendant's management began treating him less favorably than other

employees who did not file worker's compensation claims or take FMLA leave (Id.). Plaintiff further alleges Defendant decreased his pay and bonuses upon his return to work (Id.). Plaintiff alleges his managers told him he could not get injured again, and when he did sustain another injury, he did not file a claim for worker's compensation out of fear of harassment for doing so (Id.). On February 11, 2008, Plaintiff alleges he was terminated without explanation (Id.).

On August 8, 2008, Plaintiff filed his Complaint, alleging in Count I that Defendant retaliated against him and ultimately terminated his employment, for taking FMLA leave (Id.). In Count II, Plaintiff alleges Worker's Compensation Retaliation, in violation of Ohio Revised Code § 4123, claiming Defendant treated him less favorably and terminated his employment because he filed a Worker's Compensation claim (Id.).

Defendant filed the instant Motion for Judgment on the Pleadings on November 17, 2008, premised on the theory that it terminated Plaintiff for poor job performance (doc.7). Defendant further contends because the termination came nearly two years after Plaintiff's worker's compensation claim there is no causal connection between any protected activity and the adverse employment action (Id.). As such, Defendant argues the Court should dismiss Plaintiff's claims with prejudice and grant judgment on the pleadings to Defendant (Id.). Plaintiff filed his Response

and Defendant its Reply, such that this matter is ripe for the Court's review.

## II. Applicable Legal Standard

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same de novo standard that is applicable to a motion to dismiss under Rule 12(b)(6) (See United Food and Commercial Workers Local 1099 v. City of Sidney, 364 F.3d 738, 745 (6th Cir. 2004) citing Ziegler v. IBP Hog Mkt., 249 F.3d 509, 11-12 (6th Cir. 2001)).  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). A complaint must plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be

4

> thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Analysis**

Defendant argues first that Plaintiff cannot prove a prima facie case of retaliation because in its view, Plaintiff cannot show a causal connection between any protected activity and Plaintiff's termination (doc. 7, citing Simoundis v. Ford Motor Co., 29 Fed. Appx. 314, 318, 2002 WL 193933 (6th Cir. 2002)). Defendant contends that the "utter lack of temporal proximity" negates any inference that Plaintiff's worker's compensation claim or his FMLA leave were the causes for Plaintiff's dismissal (Id. citing Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001)(three and four month lapses in time were insufficiently remote to show causation)). Defendant argues that because nearly two years passed between the time Plaintiff filed his worker's compensation claim and his termination, and twenty months passed between the time he took FMLA leave and the termination, such breadth of time negates any inference of causality (Id.). In any event, Defendant contends, Plaintiff damaged four vehicles between August 2007 and February 2008, such that its termination of Defendant was justified (Id.).

5

Defendant argues next that Plaintiff's FMLA claim fails because Plaintiff far exceeded the FMLA protected leave of twelve workweeks during any twelve month period (Id.). Defendant contends that because Plaintiff took ten months off from work, during which time it continued to hold his job open and pay his benefits, it gave Plaintiff more than what he was entitled under the FMLA, such that Plaintiff simply was not denied substantive FMLA rights (Id.).

Plaintiff responds that during his employment he received nothing from Defendant but positive feedback, as well as pay increases and bonuses, until he filed a claim for worker's compensation and took FMLA leave (doc. 13). In any event, Plaintiff argues Defendant's temporal proximity argument fails because of the "fishy timing" of key incidents that happened between the filing of Plaintiff's worker's compensation claim and the termination (Id.). Plaintiff contends a reasonable jury could conclude Defendant fired him for both the filing and the continued pursuit of his increasingly expensive worker's compensation claim (Id.). Plaintiff argues his allegations that Defendant managers harassed him for taking leave and filing the claim, and that the managers told him he could not get injured again, resulted in a chilling effect on his ability to assert his rights when he suffered another injury (Id.).

Plaintiff next argues that he has identified other employees that Defendant treated differently for poor performance

(Id.). Plaintiff argues this selective enforcement of the rules shows Defendant favored other employees who did not exercise FMLA leave or file for worker's compensation, such that Plaintiff therefore establishes the requisite causation (Id.).

Defendant replies, reiterating its view that temporal proximity is lacking, and stating Plaintiff vaguely claims harassment and decreased pay, but ignores the fact that he was not engaged in protected activity when he returned to work (doc. 14). Defendant argues that before one can assert retaliation for taking FMLA leave, one must show they were entitled to FMLA leave, and in this case Plaintiff took more than what he was entitled under the statute (Id. citing Covucci v. Service Merchandise Co., No. 97-4472, 1999 U.S. App. LEXIS 2073, *15 (6th Cir. 1999), Mues v. General Revenue Corp. No. 1:05-CV-00505, 2007 U.S. Dist. LEXIS 56180, *14 (S.D. Ohio, August 1, 2007)).

Having reviewed this matter, the Court finds Plaintiff's allegations sufficient to raise questions about causation and timing. Plaintiff has alleged more than merely the exercise of protected activity, and then termination some twenty months later. Simmons v. Wal-Mart Assoc. Inc., No. 2:04-CV-00051, 2005 U.S. Dist. LEXIS 21772. *41-42 (S.D. Ohio, July 19, 2005). Plaintiff alleges other workers were treated differently for poor performance. Plaintiff alleges managers told him he could not get injured again. Finally, Plaintiff alleges he was harassed after he returned, for

7

having exercised his FMLA and workers compensation rights. These events could be interpreted to show a continuing animus toward Plaintiff that resulted in his termination. On its face, therefore, Plaintiff's Complaint pleads facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp, 550 U.S. 544 (2007). Should Plaintiff succeed in marshaling facts to support his allegations, then the ultimate question of whether his termination was too remote from his worker's compensation claim and FMLA leave will be one for the jury. Moreover, although Defendant claims its largess in granting Plaintiff leave above and beyond the FMLA requirements negates any FMLA claim, the Court disagrees, because construing all facts liberally in favor of Plaintiff, such action does not negate Plaintiff's claims of retaliation after his return from leave. J.P. Morgan Chase Bank, N.A. v. Winget, 510 F.3d 557, 581 (6th Cir. 2007). Defendant's reliance on Covucci, 1999 U.S. App. LEXIS 2073, and Mues, 2007 U.S. Dist. LEXIS 56180, is misplaced, as both cases involved employees who never returned to work. Here, Plaintiff alleges he returned after leave and Defendant treated him differently. Covucci and Mues are not on point.

**IV. Conclusion**

The Court finds Plaintiff has adequately pleaded that Defendant retaliated against him for engaging in protected activity: filing a worker's compensation claim, and taking FMLA

8

leave.  The Court does not find Defendant's motion for judgment on the pleadings well-taken, because Plaintiff has alleged enough facts to give rise to a reasonable inference of causation, regardless of the lack of temporal proximity between Plaintiff's protected activity, and the alleged retaliation.  Accordingly, the Court DENIES the Motion of Defendant Colerain Trailer, Inc. for Judgment on the Pleadings (doc. 7).

       SO ORDERED.

Dated: March 3, 2009        /s/ S. Arthur Spiegel

                                    S. Arthur Spiegel
                                    United States Senior District Judge